*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK JENSEN,

      Plaintiff-Appellant,

v

BLUESTONE MANAGEMENT CORP,
MATTHEW VICKERY, and BARRY ROTH,

      Defendants-Appellees.

UNPUBLISHED
August 11, 2026
1:50 PM

No. 373153
Genesee Circuit Court
LC No. 24-120646-CB

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued defendants based on promissory estoppel in relation to a business venture. Defendants moved for summary disposition under MCR 2.116(C)(10), and the trial court granted the motions. Plaintiff now appeals the trial court's grant of summary disposition, as well as the denial of plaintiff's request to amend his complaint. Finding no ground for reversal, we affirm.

## I. BACKGROUND

This case revolves around plaintiff, defendants Matthew Vickery and Barry Roth, and their ownership and control of certain entities. Bluestone Management Corp. was incorporated in Massachusetts thirty years ago with Roth as its director and sole officer. Over six years ago, Bluestone registered as a foreign profit corporation in Michigan with Roth listed as the director and sole officer. Shortly after its registration in Michigan, Bluestone registered the assumed name of Medway Imports.

Vickery allegedly told plaintiff the following three relevant statements: (1) Vickery planned on starting a new vehicle-import business in Michigan before 2021, (2) Vickery "wanted [plaintiff] to consider becoming a part of the new entity that would own that vehicle import enterprise," and (3) Vickery considered using Bluestone to obtain an import license from the U.S. Department of Transportation. Plaintiff averred that Vickery and his wife provided start-up funding for the new venture, and that Roth was "present and actively participated in meetings" about the venture. Plaintiff refers to this venture colloquially as the "Lapeer Road business."

-1-

According to plaintiff, he "accepted and relied on Matthew Vickery's invitation to become an equal interest holder in the Lapeer Road business," Roth added him to the management team of the new Michigan business, and plaintiff shut down his remodeling sole proprietorship and worked solely in a management role for the new venture. Plaintiff was never offered a shareholder's interest in Bluestone. Articles of incorporation for a new business, Medway Imports MI, Inc., were filed with the state of Michigan with four incorporators: Roth, Vickery, Alena Heagle, and plaintiff. A year later, Heagle's application, on behalf of Medway Imports LLC, to the township's planning commission to use a lot for automobile import and distribution was denied. Plaintiff contributed $12,500 to purchase the lot, but when the business venture failed, plaintiff was refunded that down payment.

Plaintiff filed his complaint for declaratory judgment under MCR 2.605 against Bluestone, doing business as Medway Imports, Vickery, and Roth, alleging that defendants rejected his right to a 25% interest in the business. Plaintiff also invoked the doctrine of promissory estoppel.

Vickery moved for summary disposition under MCR 2.116(C)(10), alleging that plaintiff admitted under oath that Roth, as the only person who had authority to convey an ownership interest in Bluestone, never promised to do so. Plaintiff specifically said that Roth "wouldn't promise anything" and would try to avoid discussions about partners "as much as possible. He never said that we weren't, and he would never 100 percent positively say, 'All you guys are going to be partners.' "

Bluestone and Roth also moved for summary disposition, arguing that plaintiff never received an express promise from Roth for any ownership of Bluestone and that the statute of frauds was applicable to the situation and no writing of such a promise existed. Plaintiff responded to defendants' motions with an affidavit and argued that he presented sufficient evidence to create an issue of material fact to survive MCR 2.116(C)(10). The trial court granted defendants' motions, finding that the evidence did not support that promises were made and a partnership was formed.

Plaintiff moved, under MCR 2.119(F), to vacate the orders dismissing his claims, arguing that the orders violated his right to amend his complaint under MCR 2.116(I)(5), and that there remained issues of fact. Plaintiff also submitted an amended affidavit with the following added averment: "[Vickery] expressly asked me in late 2019, after he and [Roth] became 'partners,' to become an equal owner in the new vehicle import agency . . . that [Vickery] intended to create and open in Genesee County, Michigan." The trial court denied the motion, reasoning in part that "the evidence before the court has shown that the amendment would not be justified, because any amendment could not change the fact the Plaintiff admits that he was never promised any ownership interest in the pre-existing business, that Plaintiff was involved with the creation of a new, separate business, and that Plaintiff's pleadings and affidavits are wholly contradictory."

Plaintiff now appeals.

## II. ANALYSIS

### A. PROMISSORY ESTOPPEL

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition based on his promissory estoppel claims.[1] We review de novo the trial court's decision on a motion for summary disposition. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and should be granted when there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). If the record "leaves open an issue upon which reasonable minds might differ," then a genuine issue of material fact exists. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The Court must consider the record evidence and draw reasonable inferences in favor of plaintiff as the nonmoving party. MCR 2.116(G)(5); *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010).

For promissory estoppel, plaintiff must prove that (1) there was a promise, (2) the promisor should have reasonably expected such promise to induce definite and substantial action by plaintiff, (3) definite and substantial reliance or forbearance on plaintiff's part was in fact produced, and (4) the promise has to be enforced if injustice is to be avoided. *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008). The existence and scope of a promise are questions of fact. *State Bank of Standish v Curry*, 442 Mich 76, 84; 500 NW2d 104 (1993). For a promise to be actionable, it must be "actual, clear, and definite." *Ypsilanti Twp v Gen Motors Corp*, 201 Mich App 128, 134; 506 NW2d 556 (1993).

Here, considering the evidence in the light most favorable to plaintiff, a promise by Roth to plaintiff was never made. Plaintiff testified that Roth "would try to avoid [discussions about ownership] as much as possible," and "would never 100 percent positively say" that plaintiff would be a partner. Plaintiff specifically testified that Roth "wouldn't promise anything." The testimony unequivocally established that Roth never made a promise to plaintiff, let alone a clear and definite one.

Plaintiff concedes that Roth never made a promise, but contends that any representation made by Vickery binds Roth because they were partners under the Uniform Partnership Act, MCL 449.1 *et seq.* Even assuming arguendo that Vickery and Roth were partners, Vickery did not make plaintiff any clear and definite promise of ownership involving Bluestone. In his affidavits, plaintiff alleged that Vickery said that he wanted plaintiff to "consider becoming a part of the new entity," that Vickery extended an "invitation to become an equal interest holder in the Lapeer Road business," and that Vickery asked plaintiff "to become an equal owner in the new vehicle import agency [Vickery] intended to create and open in Genesee County." Plaintiff described invitations to join a new enterprise, not definite or clear manifestations, intentions, or promises to make plaintiff a part owner of the already-existing Bluestone. Promissory estoppel applies only when

---

[1] To the extent that plaintiff's original claims are premised on a contract, those claims have been abandoned on appeal. A claim of promissory estoppel differs from a contract claim. See *State Bank of Standish v Curry*, 190 Mich App 616, 620; 476 NW2d 635 (1991), aff'd in part, rev'd in part on other grounds 442 Mich 76 (1993). On appeal, plaintiff focuses on promissory estoppel and does not mention any claims of a contract; therefore, such contract claims have been abandoned on appeal. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

the pertinent facts and the wrong to be prevented are not in doubt. *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 687; 599 NW2d 546 (1999). In this case, there is no question that Vickery's discussions with plaintiff did not include any promises to transfer an ownership interest of Bluestone on which plaintiff could have reasonably relied. See *Zaremba Equip, Inc*, 280 Mich App at 41.

Simply put, plaintiff has failed to provide sufficient evidence that he was promised an ownership interest in Bluestone. Instead, plaintiff sets out a situation where parties had conversations about starting a new business venture, and preliminary steps were taken in furtherance of that venture—a corporation was formed, seed money was generated, and a location was sought. But critically, plaintiff admits that the local township planning commission rejected the venture's proposed use of a lot, putting an apparent end to the venture. Plaintiff received his investment back, and he remains a 25% shareholder of the incorporated entity, though the record suggests that the entity is currently nothing but an empty corporate shell. There is nothing in the record to support plaintiff's claim that he was promised anything beyond what he did, in fact, receive. The trial court did not err in granting summary disposition in favor of defendants on plaintiff's promissory estoppel claim.

## B. AMENDMENT OF COMPLAINT

Additionally, plaintiff argues on appeal that the trial court erred when it denied plaintiff's request to amend his complaint. Under MCR 2.116(I)(5), if a motion for summary disposition is granted under MCR 2.116(C)(10), then the trial court must give the parties an opportunity to amend their pleadings under MCR 2.118 "unless the evidence then before the court shows that amendment would not be justified." We review for an abuse of discretion the trial court's denial of a party's request for leave to amend pleadings. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). A trial court abuses its discretion "when its decision results in an outcome falling outside the range of principled outcomes," *Lockridge v Oakwood Hosp*, 285 Mich App 678, 692; 777 NW2d 511 (2009), or it makes an error of law, *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

Here, the trial court did not err when it denied plaintiff's request for amendment because such amendment would not have been justified. First, plaintiff failed to submit a proposed amended complaint to the trial court, and this Court has held that when a party does not offer a proposed amendment in writing, the trial court does not abuse its discretion by denying the request to amend. *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999).

Second, plaintiff's request to amend his complaint was centered around his amended affidavit, which did not demonstrate the merit of an amendment. A trial court can deny leave to amend when such amendment would be futile, such that when "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (cleaned up). Plaintiff's

amended affidavit did not contain sufficient evidence of promises for promissory estoppel and essentially restated allegations already made, thereby making an amendment futile.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle